Francis P. Burke and Willard S. Brown, as General Managers and Attorneys in Fact for all the Underwriters at the New York and Boston Lloyds, Appellants, *v.* Benjamin T. Rhoads, Jr., Respondent.

*Lloyds insurance policy — defense to an action thereon by an individual underwriter, that he has paid losses up to the limit of his liability — when not demurrable — when such limit of liability does not constitute a defense — objection that matter arising after the commencement of the action should be set up by a supplemental answer, how taken.*

The complaint in an action alleged that the People's' Fire Lloyds, an unincorporated association, issued to the New York and Boston Lloyds, a similar association, a policy of reinsurance against certain 'fire losses not exceeding the sum of $5,000; that during the term of the policy of reinsurance a loss occurred thereunder which the People's Fire Lloyds refused to pay; that thereupon an action was brought against the general manager and attorney in fact of the underwriters of the People's Fire Lloyds under the following provision of the policy of reinsurance: "No action shall be brought to enforce the provisions of this policy, except against the general manager and attorney in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder;" that such action resulted in a judgment in favor of the plaintiffs; that another clause of the policy of reinsurance provided: "Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited;" that when the plaintiffs attempted to enforce this judgment they found that there were no unexpended premiums in the hands

of the underwriters of the People's Fire Lloyds nor any deposits made by the said underwriters out of which the judgment could be satisfied; that the plaintiffs then commenced the present action against the defendant, who was an underwriter of the People's Fire Lloyds, to recover the latter's proportionate share of the amount of the judgment.

The defendant alleged, as a first defense, that the policy of reinsurance provided, "And in the event of a fire or fires occurring whereby several risks insured under policies issued pursuant to the said power of attorney are involved * * * all policy holders who shall sustain loss or damage from such fire or fires shall be entitled to recover as against each underwriter only that proportion of the adjusted claim on each policy which the aggregate of such claims shall bear to the total liability of each underwriter as thus limited; and the total liability of each underwriter on all policies now or hereafter in force after the application of the total unexpended premiums shall not exceed twenty-five hundred dollars (the original subscription of $500 each being therein included)," and that he had long since paid the limit of his liability under that clause.

*Held,* that such defense was not demurrable;

Ingraham, J., dissented.

That, if at the time the policy in question was issued, the fund out of which the policy provided that losses should be paid had been exhausted, the underwriters were bound to provide such a fund, and that, if this proved to be the case, the fact that the defendant had previously paid the full amount of his limit of liability, would not constitute a defense to the maintenance of the action.

The answer, which was denominated an amended answer, alleged that, after the commencement of the action, the original judgment against the general manager and attorney in fact of the People's Fire Lloyds had been reduced in amount, and that, consequently, the defendant, if liable at all, was liable in a less sum than that claimed in the judgment.

*Held,* that the objection that, as the modification of the judgment took place after the commencement of the action, the plea of such modification should be contained in a supplemental, as distinguished from an original or amended complaint, was not available upon demurrer, but that the remedy of the plaintiffs, if the plea were defective, was by a motion to strike it out.

Appeal by the plaintiffs, Francis P. Burke and another, as general managers and attorneys in fact for all the underwriters at the New York and Boston Lloyds, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of November, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiffs' demurrer to two defenses contained in the defendant's amended answer.

The facts set forth in the complaint are substantially as follows: The plaintiffs are general managers and attorneys in fact for the

underwriters at the New York and Boston Lloyds, an unincorporated association, consisting of seven or more persons, who are engaged in the business of fire insurance in the city of New York. The defendant was the general manager and attorney in fact for the underwriters at the People's Fire Lloyds, also an unincorporated association, consisting of seven or more persons, and likewise carrying on the business of fire insurance in said city. On or about September 15, 1893, the defendant on behalf of the underwriters at the People's Fire Lloyds, including himself, issued to the plaintiffs a policy of reinsurance, under which they agreed to indemnify the underwriters at the New York and Boston Lloyds against certain losses, not exceeding the sum of $5,000. During the term of said policy of reinsurance a total loss occurred thereunder. Notice and proofs of loss were duly presented, but payment was refused. Thereafter, an action was commenced against the defendant as such general manager and attorney in fact representing the underwriters at the People's Fire Lloyds under the following provisions of the said policy : "No action shall be brought to enforce the provisions of this policy, except against the general manager and attorney in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder." The action thus brought was contested, but resulted in a judgment on the merits in favor of the plaintiffs. Another clause of the policy provided as follows : " Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended ; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited." When the plaintiffs attempted to enforce the right which they had established out of this fund they found that there were no premiums in the hands of the underwriters at the People's Fire Lloyds unexpended, nor were there any deposits made by the said underwriters out of which the judgment in question could be satisfied. The plaintiffs then commenced separate actions against certain of the underwriters at the People's Fire Lloyds, including the defendant, to recover the proportionate shares of their said judgment so found to be due. The defendant answering

in his individual capacity, sets up two defenses as follows : *First.* That he has long since paid the limit of his liability under the following provision of the policy : "And in the event of a fire or fires occurring whereby several risks insured under policies issued pursuant to the said power of attorney are involved * * * all policy holders who shall sustain loss or damage from such fire or fires shall be entitled to recover as against each underwriter only that proportion of the adjusted claim on each policy which the aggregate of such claims shall bear to the total liability of each underwriter as thus limited; and the total liability of each underwriter on all policies now or hereafter in force after the application of the total unexpended premiums shall not exceed twenty-five hundred dollars (the original subscription of $500 each being therein included)." *Second.* A partial defense, involving a modification of the original judgment by the Appellate Division, whereby it was reduced in amount, and that, therefore, on account of said reduction that the defendant, if liable at all, would not be liable for the full amount for which the plaintiffs had asked in their complaint, but only defendant's proportionate share of the judgment after the same had been reduced by the appellate court.

From the interlocutory judgment overruling plaintiffs' demurrer to these two defenses, this appeal is taken.

*William B. Ellison,* for the appellants.

*Thomas Cooper Byrnes,* for the respondent.

HATCH, J. :

We agree with the disposition of the demurrer made by the learned court at Special Term, and also in its opinion,* delivered

---

* The following is the opinion of SCOTT, J., delivered at Special Term:
SCOTT, J. :

This is an action against an underwriter of a so-called Lloyds insurance policy. The complaint contains the usual allegation showing the recovery of a judgment against this same defendant as general manager and attorney in fact for the underwriters of what was known as the People's Fire Lloyds; that the defendant was himself an underwriter upon the policy upon which the loss occurred, and that the special funds designated in the policy as the primary source from which losses were to be paid has long since been exhausted. The defendant sets up two defenses, one to the whole cause of action, and one partial, to both of which plaintiffs demur for insufficiency. By the first defense the defendant seeks to avail himself of a limitation upon his individual liability contained in

in reaching such conclusion. It does not follow, however, from this view that the defendant may escape liability, even though at the time when this action was brought he had in fact paid the full sum of $2,500, the limit of his liability. It does not appear

the policy. The complaint as it will be observed does not set forth the facts showing the loss under the policy or the amount of such loss as it would be necessary to do if the action was brought directly upon the policy, but merely alleges that there was a loss and that in an action against the general manager judgment was rendered fixing the loss and the liability upon the policy at a certain sum. This, of course, is the proper practice and finds its justification in a clause in the policy reading as follows: "No action shall be brought to enforce the provisions of this policy, except against the general manager and attorney in fact, and representing all of the underwriters and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited." From this clause in the contract, which alone furnishes a ground for this action, it appears that the several underwriters did not pledge their individual liability to an unlimited extent, but only as "hereinbefore expressed and limited." What that limitation was appears from another clause in the policy upon which the defendant relies, and which reads as follows: "The liability of each of the underwriters in case of any loss, and the amount insured by each underwriter shall be his proportionate part of the aggregate amount payable to the insured upon such loss, and no one of the underwriters shall be, in any event, liable under this policy for an amount exceeding the sum of five hundred dollars. In no event or contingency shall any underwriter hereon be liable for any part of any other underwriter's liability hereon, the liability assumed herein by each underwriter being separate and individual only, as if each underwriter had issued to the assured herein a separate policy; their liability being several and not joint; * * * and the total liability of each underwriter on all policies now or hereafter in force after the application of the total unexpended premiums, shall not exceed twenty-five hundred dollars (the original subscription of $500 each being therein included)." The defendant alleges that as an underwriter of the People's Fire Lloyds he has been compelled to pay and did pay after the issuance of the policy referred to in the complaint, on policies of insurance of said Lloyds, existing and in force at and after the time of issuance of plaintiffs' policy, and after the application of the total unexpended premiums, a sum greatly in excess of $2,500, whence as he claims he has paid his total fixed liability as an underwriter and is not liable in any sum whatsoever to the plaintiffs. I am unable to see why this defense is insufficient. The only liability of defendant to plaintiff was that which was expressed in the contract between them, and that contract determines the nature and extent of the liability. When the defendent entered upon such a contract it was his right to place such

from the answer, or otherwise from the record, when the liabilities which exhausted the $2,500 were incurred or when they were paid. The terms of the policy, so far as they are made apparent by the pleadings in the action, show that the parties contracted with refer-

limitations as he saw fit upon the obligations and liabilities which he assumed, and it was open to the plaintiffs to make the contract if its terms suited them, and to leave it alone if its terms did not suit them. The entering upon it was purely optional with them, but if they did enter upon it they were bound to take it as it was made. The whole contract must be read together, and being so read it clearly appears, so that any one reading the policy must have seen it, that the individual liability of each underwriter upon all policies outstanding or to be issued was not to exceed the sum named. There is nothing any more unreasonable in such a limitation than there is in any limitation an obligor may see fit to place upon his liability upon any contract he may see fit to enter upon. There is certainly nothing more unreasonable in the limitation than there is in the limitation placed by law upon the individual liability of stockholders in ordinary fire insurance companies.

The partial defense to which the plaintiffs demur sets up that on June 12, 1902 (after the commencement of this action), the judgment against the general manager of the People's Lloyds was reduced, on appeal, whereby the defendant, if liable at all, is liable in a less sum than that claimed in the complaint. Whatever liability the defendant may be under depends upon the judgment against the general manager, and of course his liability is lessened or wholly obliterated, as the case may be, if that judgment be reduced or reversed. The defendant's point appears to be that, inasmuch as the modification took place after the commencement of this action, the plea of such modification should be contained in a supplemental, as distinguished from an original or amended complaint. In my opinion this objection cannot properly be taken by demurrer, for the defense is sufficient upon its face, by whatever name the pleading containing it may be called. If the defense was improperly included in the present answer the proper remedy was to strike it out. The answer now before me is styled an amended answer. It does not show in what the amendment consists, but I am informed by brief of counsel that it does not consist in the insertion of this partial defense, which was included in the original answer. The question then is whether modification of the original judgment having taken place after the commencement of the action, but before answer, could properly be pleaded by the answer, or whether it was the duty of the defendant to first answer without reference to the modification, and then serve a supplemental answer setting up the modification of the judgment. The question seems to be answered by section 544, Code Civil Procedure, which permits the service by either party of supplemental pleadings "alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made," the obvious inference being that facts which occurred before the original pleading was drawn should be included therein.

The demurrer must be overruled, with costs, with leave to plaintiff to withdraw demurrer and reply upon payment of costs within twenty days.

ence to the limited liability upon the part of the underwriter. It is evident, therefore, that when losses had been sustained, which equalled such limited amount, then, as to policies issued thereafter, there could be no individual liability of the underwriter, and consequently no insurance by him under such policies, if the rule is to obtain that without regard to the number of policies issued, or the amount of losses sustained, the extent of liability is measured by the payment in full of the limited liability. It is manifest that if such be the construction of this contract of insurance, then the moment that losses are sustained to the extent of the limited liability, there is no insurance by the underwriter upon those policies issued after the happening of such event, and consequently a contract might be made and the insured pay his premiums for the individual liability of the underwriter, when in fact, under the terms of the contract, there could be no such liability, for the reason that the losses already sustained equal the full amount which the underwriter agreed to pay by the terms of his contract. If such be the construction, a case is presented where the underwriter may issue a policy and receive premiums therefor, without in fact furnishing the insured any security, or imposing upon the underwriter any liability. The bare statement of this proposition is sufficient to show that a construction which works such a result is not permissible. The underwriter, when he issues the policy, holds out to the insured by the terms of his contract that he is liable upon such policy in the amount specified therein. The insured, of course, takes his chance of being able to secure payment of his loss from such limited liability, and if he is so unfortunate as to suffer a loss after the time when the liability of the underwriter has occurred to the full extent of his limited liability, he has secured nothing by virtue of his contract. The insured, however, is entitled to the benefit of his contract as a contract of insurance for the amount mentioned therein when the policy is issued, or of such sum as still remains unexpended of the limited liability. If, however, that sum is exhausted when his policy is issued, then he is not insured at all so far as concerns the individual liability of the underwriter. In effect the underwriter agrees to provide a fund, limited in amount to $2,500. When that sum is exhausted, manifestly the underwriter's business of insurance must cease, because he is then in no position to further con-

FIRST DEPARTMENT, APRIL TERM, 1903. [Vol. 82.

duct the business, as he has no funds and is liable for no loss, as his liability is exhausted. To continue to issue policies thereafter, with full knowledge that no fund exists from which a loss may be payable, and receive premiums for a liability which cannot exist, would authorize the perpetration of the grossest fraud upon the insured. He has no means of determining when he receives his policy that the fund, measured by the limited liability, has been wiped out; in consequence of which, he contracts for something which he does not get, and the underwriter reaps a benefit, misleads the insured to his prejudice, and furnishes no consideration for the payment which the insured makes. When the fund, which measures the limited liability of the insurer, is exhausted, he must cease to underwrite, or if he continues the business, he must also continue to furnish the liability for which his contract called. If, after the fund is exhausted, he continues to issue policies and sell insurance, he must be regarded as occupying precisely the same position and incurring the same liabilities as he did when he issued the policies which resulted in loss to the amount of the fund which he had agreed to pay. If he chooses to continue in the business of insurance thereafter, he must be held to have renewed his contract upon its original terms, and is bound to provide a fund upon the terms and conditions of the contract; and the payment of his previous liability constitutes no defense to the enforcement of such policy in accordance with its terms. To hold otherwise would be to mislead the insured to his ruin and to enable the underwriter to secure a consideration without giving anything therefor in return. Its effect would be to sanction fraud of so gross a character as to shock the moral sense. It will, therefore, become important upon the trial of this action to determine when the losses were sustained which exhausted the fund, and when the policy was issued in respect of such losses. The question can only be determined upon the proof as it appears upon the trial.

It follows that the interlocutory judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON and O'BRIEN, JJ., concurred; INGRAHAM, J., dissenting in part.

INGRAHAM, J. (dissenting in part):

This action is upon a policy of reinsurance. The 9th clause of the complaint alleges that the policy contained the following pro-

vision: "No action shall be brought to enforce the provisions of this policy, except against the general manager and attorney in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited."

This allegation of the complaint is not denied, and, therefore, stands conceded. The first defense demurred to alleges that the policy of insurance mentioned in the complaint contained the following provision: "All policy holders who shall sustain loss or damage from such fire or fires shall be entitled to recover as against each underwriter only that proportion of the adjusted claim on each policy which the aggregate of such claims shall bear to the total liability of each underwriter, as thus limited; and the total liability of each underwriter on all policies now or hereafter in force after the application of the total unexpended premiums shall not exceed twenty-five hundred dollars (the original subscription of $500 each being therein included)." It is also alleged "that this defendant as an underwriter of the said People's Fire Lloyds has been compelled to pay and did pay after the issuance of the policy referred to in plaintiffs' complaint, on policies of insurance of the said People's Fire Lloyds, existing and in force at and after the time of issuance of the said policy No. 102,388, and after the application of the total unexpended premiums received by said People's Fire Lloyds, a sum greatly in excess of $2,500, his total fixed liability as an underwriter aforesaid, provided in the said policy aforesaid;" and "that having paid, as heretofore alleged, his total fixed liability as an underwriter of the said People's Fire Lloyds, this defendant is not liable in any sum whatsoever to the plaintiffs herein." And the question is, whether this is a defense to a cause of action to recover against the defendant individually for a loss under the policy, the plaintiffs having recovered a judgment against the agent and attorney in fact which they have been unable to collect.

The whole policy is not made a part of the pleadings, the defend-

ant relying as a defense to his obligation as an individual under writer under the policy upon this clause which it is claimed limits his liability to the sum of $2,500, so that, no matter what the loss may be under any specific policy, if he has paid the sum of $2,500 on other policies of insurance issued by him, he thereby escapes all individual liability. This clause, if given the construction claimed by the defendant, would enable him to go on issuing policies to any amount, receiving the premiums therefor, but affording no indemnity to the policyholders and conferring upon them no advantage, and while I agree that the contract made, however disadvantageous to one of the parties it may be, should be enforced, I do not think such a construction should be given to this clause in a policy prepared by the defendant unless it restricts such liability in the clearest terms. If this limitation had been intended to apply to the policy issued to the plaintiffs, there would have been no difficulty in so providing in unambiguous language, and while it may be conceded that the defendant by inserting this clause sought to escape the liability which by the contract he had expressly assumed, that intention should be plainly expressed and made to apply to the policy which had imposed a distinct liability.

If this is a good defense, then upon proof of this clause of the contract pleaded and the fact that the defendant has paid $2,500, the defendant will be entitled to judgment. If the defense fails to set up facts as to the agreement which will discharge the defendant, then the defense is insufficient and the demurrer thereto should have been sustained. As pleaded, I do not think the defense is sufficient and I, therefore, think that the demurrer to it should have been sustained. I concur with Mr. Justice HATCH as to the second defense.

Judgment affirmed, with costs.