(45 Misc. Rep. 251.)

### STRAUS et al. v. AMERICAN PUBLISHERS' ASS'N et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. PLEADING—PARTIAL DEFENSE.

Plaintiffs sued to restrain a combination by which defendants prevented the sale of any book by persons in the trade who sell copyright books below a price fixed by defendants. A judgment overruling a demurrer to the complaint was affirmed, and defendants answered, setting up as a defense steps taken by defendants since the decision of the Court of Appeals limiting the restriction to the sales of copyright books, which defense, under the rule laid down on appeal, indicates that the plaintiffs are not entitled to the equitable relief to which they were entitled when the action was begun. *Held*, that such defense is not demurrable on the ground that it should have been pleaded as a partial defense.

2. STATE COURTS—JURISDICTION—COPYRIGHT.

Where an action involves the question whether a combination entered into by defendants to control the sale of copyrighted books is illegal, as in restraint of trade, the state court has jurisdiction, though it may be necessary to construe the rights of parties under the copyright law.

Action by Isidor Straus and Nathan Straus against the American Publishers' Association and others. Demurrer to separate defenses. Sustained in part.

See 89 N. Y. Supp. 172.

Spiegelberg & Wise, for plaintiffs.
Kenneson, Crain, Emley & Rubino, for defendants.

BLANCHARD, J. In December, 1902, the plaintiffs commenced this action to secure a judgment declaring unlawful and void certain combinations and agreements entered into by and between the defendants, who are book publishers and book dealers, for the purpose of controlling the prices at which copyrighted books should be sold in the book trade, and to prevent the parties to such combinations and agreements from selling any books to any person in the book trade who should sell copyrighted books at a price below that fixed by the defendants. Other purposes of the action are to secure a permanent injunction restraining the defendants from acting under or pursuant to such combinations and agreements, and for the appointment of a referee to take proof of damage suffered by the plaintiffs because of the alleged unlawful acts of the defendants, done in carrying out the purposes of such combinations and agreements. As a result of a demurrer to the sufficiency of the complaint, the Special Term of this court sustained the demurrer. On appeal the Appellate Division overruled the demurrer (85 App. Div. 446, 83 N. Y. Supp. 271), and on further appeal the Court of Appeals affirmed the order of the Appellate Division sustaining the complaint and overruling the demurrer (177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701). The defendants, upon permission granted to them by order of the court, interposed answers setting up as a separate defense, among other things, that in March, 1904, after the determination in the Court of Appeals, the plan adopted by the defendants to carry into effect the purposes of the aforesaid combinations and agreements had been so amended by the defendants as to apply solely to copyrighted books, and so as not to prevent the sale by any of the defendants to any person in the book trade of uncopyrighted books. The defendants, as a further separate defense, among other things, allege that the courts of the United States have sole and exclusive jurisdiction of cases of copyright, and to regulate and define the liberty of vending copyright books, and that this court has no jurisdiction to compel the defendants to sell their copyrighted books to the plaintiffs. The plaintiffs have demurred to these separate defenses upon the ground that they are insufficient in law. The demurrants contend that because the plan, combination, and agreements of the defendants were amended after the determination by the Court of Appeals of the demurrer to the complaint, the answers of the defendants setting up such amendment should have been pleaded as a partial defense, and not as a separate defense to the plaintiffs' entire cause of action. In support of this contention the plaintiffs insist that it must be conceded that they were entitled to the relief they seek, at least until the said amendments were made in March, 1904. This may be so, but the court is bound now to base its determination of the questions presented by the demurrers upon

the matter pleaded, and upon nothing else.  This action is purely
equitable in its nature.  Its chief purpose is to secure a judgment de-
claring void agreements and combinations of the defendants controlling
the prices of copyrighted books, and interfering with the plaintiffs' right
to buy and sell books, and to secure a permanent injunction restraining
the defendants from taking any action in respect to the subject-matter of
such agreements and combinations.  The relief sought by the plaintiffs
by way of damages depends upon whether they can sustain their cause
of action requiring equitable relief.  The determination of the Court of
Appeals was founded upon the facts presented by the complaint alone.
Since then the defendants have interposed answers which, under the
rules of law stated by the Court of Appeals in sustaining the complaint,
indicate that the plaintiffs may not now have the equitable relief which
they were entitled to when the action was begun.  The fact that these
answers set forth matters which have occurred since that time does not
impair their force or effect.  As was well stated by Mr. Justice Scott
in Burke v. Rhoads, whose opinion was adopted by the Appellate Di-
vision of the First Department, and is reported in 82 App. Div. 325, 79
N. Y. Supp. 409:

"The defendant's point appears to be that, inasmuch as the modification
took place after the commencement of this action, the plea of such modifica-
tion should be contained in a supplemental, as distinguished from an original
or amended, complaint.  In my opinion, this objection cannot properly be
taken by demurrer, for the defense is sufficient on its face, by whatever name
the pleading containing it may be called.  If the defense was improperly
included in the present answer, the proper remedy was to strike it out."

It is important to notice, also, that these answers were, by permission
of the court, interposed after the determination by the Court of Appeals,
and that before such determination no answers had been interposed.
Therefore these answers cannot be regarded as supplemental answers,
under the provisions of section 544 of the Code of Civil Procedure, be-
cause they do not allege material facts occurring after a former plead-
ing.  They allege facts in defense which existed at the time the plead-
ing was made, and put in issue the very matters upon which the right
of the plaintiffs to equitable relief depends.  Such pleading is proper
in actions in equity.  The rule is stated in Peck v. Goodberlett, 109
N. Y. 180, 189, 16 N. E. 350, 353, where it was contended that the right
to judgment depends upon the facts as they existed at the commence-
ment of the action.  The court held:

"Such is the rule in actions at law, but not in actions in equity.  If the
plaintiff might, upon the case stated by him, have sued at law, he did not.
He invoked equitable relief, and demanded a preventive remedy as the only
one sufficient to rectify the evils of which he complained, and thus became
subject to the practice of courts of equity, where such relief only is admin-
istered as the nature of the case, and the facts as they exist at the close of
the litigation, demand."

Therefore the demurrers to those portions of the answers which set
up as a separate defense the amended plan, combinations, or agree-
ments of the defendants in force after March, 1904, should be overruled,
with costs.  The demurrer to the separate defense that this court has
not jurisdiction of the action is well taken, because, while the issue
may require the court to construe the rights of the parties under the

copyright law, the subject-matter of the action, to which the judgment of the court must be directed and confined, involves only the question whether certain agreements and combinations of the defendants are illegal and void, as being in restraint of trade. The copyrights owned or controlled by the defendants are not attacked. Both the subject-matter and the parties are within the jurisdiction of the court. Therefore the demurrer to the defense of lack of jurisdiction of the court should be sustained, with costs.

Demurrer sustained, with costs.